UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEZZERAY POSSEE, et al., **Plaintiffs,** v. CARAVAN LOGISTICS, LLC, et al., **Defendants.** | CIVIL ACTION NO. 1:23-CV-05510-JPB |

## ORDER

This matter is before the Court on Dezzeray Posse and Carmen Posse's (collectively, "Plaintiffs") Motion to Remand to State Court [Doc. 6]. This Court finds as follows:

## BACKGROUND

This case involves a motor vehicle accident that occurred on November 18, 2022, between Plaintiffs and John Doe. Alleging that they suffered injuries from the accident, Plaintiffs filed suit against Caravan Logistics, LLC, Concert Insurance Company and John Doe (collectively, "Defendants") in the State Court of Gwinnett County. [Doc. 1-1, p. 54]. Particularly relevant here, Plaintiffs alleged in their Complaint for Damages that John Doe is "an unknown employee of Defendant Caravan Logistics, LLC." Id. at 55.

On December 1, 2023, Defendants removed the action to this Court. In their Notice of Removal, Defendants alleged that complete diversity existed. [Doc. 1, p. 2]. Specifically, Defendants asserted that Plaintiffs are Georgia citizens. Id. As to Defendants, Defendants alleged that Caravan Logistics, LLC is a "limited liability company organized under the laws of the State of Pennsylvania" with its "principal place of business" in the State of Pennsylvania. Id. at 2–3. Defendants also asserted that Defendant Concert Specialty Insurance Company is an "insurer incorporated under the laws of Montana" who maintains its "principal place of business" in the State of Montana. Id. at 3.

On January 3, 2024, Plaintiffs filed the instant Motion to Remand to State Court. [Doc. 6]. In the motion, Plaintiffs argue that remand is required because the Notice of Removal is defective in that "we do not know that there is complete diversity of the parties." Id. at 1. More specifically, Plaintiffs contend that it is unclear whether the parties are diverse because Defendants have failed to account for John Doe in their analysis of the citizenship of the parties. Id. at 2.

## ANALYSIS

Under 28 U.S.C. § 1441(a), any civil case filed in state court may be removed to federal court by a defendant if the case could have originally been filed in federal court. When a case is removed, the party seeking removal bears the

burden of establishing federal jurisdiction by a preponderance of the evidence at the time the notice of removal is filed.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002).  When a removing defendant claims diversity jurisdiction under 28 U.S.C. § 1332, the defendant must show that there is (1) complete diversity of citizenship and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Notably, "because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."  Griffith v. Wal-Mart Stores E., L.P., 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

In this case, there is no dispute that the amount in controversy requirement is satisfied.  Indeed, Plaintiffs have admitted that they are seeking more than $75,000.  Thus, the only issue before the Court is whether the diversity requirement is met.  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

As previously stated, Plaintiffs asserts that the Court lacks diversity jurisdiction because John Doe might be a citizen of Georgia.  The Court disagrees that this destroys jurisdiction.  The plain language of the removal statute states that

"[i]n determining whether a civil action is removable . . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Indeed, the Eleventh Circuit Court of Appeals has held that "[e]ven if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" Smith v. Comcast Corp., 786 F. App'x 935, 939 (11th Cir. 2019) (quoting Walker v. CSX Transp. Inc., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)). Because the plain text of the removal statute requires the Court to disregard the citizenship of a fictiously named defendant, Plaintiffs' Motion to Remand to State Court is **DENIED**. See Wright v. TJX Companies, Inc., No. 1:20-CV-2020, 2020 WL 13586582 at *1 (N.D. Ga. June 18, 2020); see also Villasmil v. CitiMortgage, Inc., No. 1:11-CV-2055, 2012 WL 13012570 at *2 (N.D. Ga. Mar. 6, 2012).

***

Although Plaintiffs' Motion to Remand is due to be denied, the Court is concerned that it has insufficient information before it to determine the citizenship of Caravan Logistics, LLC. For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company, on the

4

other hand, is a citizen of any state of which one of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Importantly, merely alleging an unincorporated entity's principal place of business or the state laws under which it is organized is insufficient to demonstrate citizenship.  Thus, in evaluating whether diversity jurisdiction exists, the Court must assess the citizenship of each of the LLC's members and submembers until the Court is left with only individuals or corporations.  Id.

    In this case, it is uncontroverted that Plaintiffs are Georgia citizens.  The citizenship of Caravan Logistics, LLC is less clear, however.  In the Notice of Removal, Defendants failed to identify any members of Caravan Logistics, LLC.  Instead, Defendants merely stated that Caravan Logistics, LLC had been organized in Pennsylvania and had its principal place of business in Pennsylvania.  This is insufficient to establish citizenship of an LLC.  The Court notes that in the response to the Motion to Remand, Defendants seemed to recognize that they needed to identify the members and the citizenship of the members.  [Doc. 7, p. 2].  In the response, Defendants stated that "Caravan's sole member is a citizen of Pennsylvania."  Id.  Without knowing the identity of the sole member of Caravan Logistics, LLC, the Court is not convinced that this conclusory and unsworn assertion is enough to show that diversity jurisdiction exists in this case.  Because

Defendants have failed to identify the specific members of Caravan Logistics, LLC, the Court finds that Defendants have not adequately established its citizenship. Thus, no later than fourteen days after entry of this order, Defendants must address the jurisdictional defect identified herein. Specifically, Defendants must provide the Court with the name of Caravan Logistics, LLC's member and the member's citizenship information.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court [Doc. 6] is **DENIED**. Defendants are **DIRECTED** to specifically address the jurisdictional defect as it relates to Caravan Logistics, LLC within fourteen days of this order.

**SO ORDERED** this 17th day of April, 2024.

J. P. BOULEE
United States District Judge